UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 3:12-00206 |
| | ) | JUDGE CAMPBELL |
| ARTURO DELGADO, et al. | ) | |

ORDER

Pending before the Court are the following motions filed by Defendants Lee and Stansky. The Court rules on the motions as set forth herein.

In Defendant Derric Lee's Motion For Bill Of Particulars (Docket No. 106) and Defendant Susan Stansky's Motion For Bill Of Particulars (Docket No. 117), the Defendants request that the Government be required to file a bill of particulars providing additional information regarding the crimes with which they have been charged. Defendant Lee is charged in Count One as follows:

> Beginning on a date unknown to the Grand Jury, but at least as early as in or around May 2011 through the present, in the Middle District of Tennessee and elsewhere, defendants [1] ARTURO DELGADO, [2] BRANDON ELLEDGE, [3] DERRIC LEE, [5] BRANDON STUCZYNSKI, [6] CURTIS TATE, and [7] BARRY TURNER, did combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury, to knowingly and intentionally distribute and to knowingly and intentionally possess with intent to distribute 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).
>
> All in violation of Title 21, United States Code, Section 846.

(Docket No. 3).

Through his Motion, Defendant Lee requests the following information: (1) a description of the nexus between the acts allegedly committed by Mr. Lee and the alleged conspiracy; (2) the identity of each person who the Government believes was a member of the conspiracy,

including all known, but unindicted co-conspirators; (3) the approximate time periods during which each such person was a member of the conspiracy; and (4) the locations, substance, time, place, and date of each overt act in furtherance of the conspiracy in which Defendant Lee allegedly participated, as well as the other participants in such acts. (Docket No. 106, at 6-7).

Defendant Stansky is charged in Count Two as follows:

> Beginning on a date unknown to the Grand Jury, but at least as early as on or about December 14, 2011 through the present, in the Middle District of Tennessee and elsewhere, defendants [1] ARTURO DELGADO, [2] BRANDON ELLEDGE, [4] SUSAN STANSKY, [5] BRANDON STUCZYNSKI, [6] CURTIS TATE, [7] BARRY TURNER, did knowingly combine, conspire, and agree with each other and with other persons, known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, conspiracy to possess a controlled substance with the intent to distribute, with intent to promote the carrying on of the specified unlawful activity, and to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, conspiracy to possess a controlled substance with the intent to distribute, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity and to avoid reporting requirements, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1956(a)(1)(B)(ii).

All in violation of Title 18, United States Code, Sections 1956(h).

(Docket No. 3).

Through her Motion, Defendant Stansky requests the following information: (1) the dates on which the Defendant and other co-conspirators are alleged to have joined and participated in the conspiracy; (2) the nature of any contact or agreement the Defendant is alleged to have

2

formed with co-conspirators; (3) the location of the act or acts the Defendant is alleged to have undertaken in furtherance of the conspiracy; (4) the nature and substance of the act or acts the Defendant is alleged to have undertaken in furtherance of the conspiracy; (5) the dates on which the Defendant is alleged to have undertaken any act or acts in furtherance of the conspiracy; and (6) the date, time and nature of any other financial transactions that the Defendant is alleged to have conducted in furtherance of the conspiracy. (Docket No. 117, at 4-5).

In its Response (Docket No. 130), the Government describes the facts underlying the charges in the Indictment, details the discovery it has provided the Defendants, and argues that a bill of particulars is unnecessary in light of that information. The facts recited in the Government's Response are as follows:

> The indictment in this case is based upon the investigation into an interstate money laundering and marijuana possession and distribution conspiracy. The investigation focused on the distribution and possession of these controlled substances by approximately six defendants and the money laundering scheme in aid of the marijuana distribution by approximately seven defendants. In July 2012, the DEA, USPS, IRS and the LaVergne, Tennessee, Police Department initiated an investigation into Barry Turner, a resident of LaVergne, Tennessee, who was reportedly receiving hydroponic marijuana via the USPS from California multiple times per week. Further investigation revealed Brandon Elledge in Santa Rosa, California, as the source of supply. The investigation revealed that Elledge sent marijuana parcels to Tennessee, North Carolina, Alabama, Texas, New Jersey, Massachusetts, Oklahoma, Illinois, and other locations. The investigation also revealed the individuals receiving the marijuana utilized a variety of methods to transfer the drug proceeds to Elledge. The methods included cash deposits into Elledge's bank accounts, deposits of money orders into Elledge's bank accounts, sending money orders to Elledge and also bulk shipments of currency.
>
> The investigation identified the defendant, Derric Lee, as a recipient of marijuana from Elledge. In July 2012, Lee was observed picking up parcels from Elledge which were later discovered to contain marijuana. Defendant Lee was charged in Count One of the Indictment, conspiracy to distribute and possess marijuana, on October 31, 2012, in violation of 21 U.S.C. § 841 and 21 U.S.C. § 846.

3

>    The investigation identified the defendant, Susan Stansky, as one of the individuals within the organization conducting financial transactions with proceeds of the drug trafficking. Defendant Stansky was charged in Count Two of the Indictment, conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956.

(Docket No. 130, at 2-3).

Rule 7(c) of the Federal Rules of Criminal Procedure provides that an indictment "must be a plain, concise and definite written statement of the essential facts constituting the offense charged." The Sixth Circuit has held that the function of a bill of particulars is to "minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004).

A bill of particulars is not to be used, however, "as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Crayton, 357 F.3d at 568. Full disclosure of the requested information by the Government through discovery, however, may obviate the need for a bill of particulars. United States v. Phibbs, 999 F.2d 1053, 1086 (6th Cir. 1993); United States v. Martin, 822 F.2d 1089, 1987 WL 38036, at *3 (6th Cir. July 14, 1987).

With respect to conspiracy allegations, the Sixth Circuit has held that the government is not required to furnish the names of all other co-conspirators in a bill of particulars. United States v. Vasser, 346 Fed. Appx. 17, 22 (6th Cir. Sept. 16, 2009). In addition, a bill of particulars is not required where an indictment charges the defendant with a beginning and end date of the alleged conspiracy. United States v. Robinson, 390 F.3d 853, 867 (6th Cir.2004).

4

The Court concludes that a bill of particulars is unnecessary in this case given the language of the Indictment, the discovery provided by the Government, and the factual information contained in the Government's Response. Accordingly, Defendant Derric Lee's Motion For Bill Of Particulars (Docket No. 106) and Defendant Susan Stansky's Motion For Bill Of Particulars (Docket No. 117) are DENIED.

Through his Motion For Exculpatory Evidence (Docket Nos. 107, 136), Defendant Lee requests an order requiring the Government to produce information detailed in pages 7 through 10 of the Motion. The Motion is DENIED, as the Defendant has failed to certify that counsel has exerted good faith efforts to resolve discovery issues, as required by Local Criminal Rule 12.01.

Through his Motion For Early Disclosure Of Jencks Material (Docket No. 108), Defendant Lee requests that the Court order the Government to provide Jencks Act material at least 30 days before trial. The Government opposes the Motion. (Docket No. 129).

The Motion is DENIED. The Jencks Act, 18 U.S.C. § 3500, provides that the Government is not required to provide to the Defendant a statement made by a Government witness prior to the completion of the direct examination of that witness.[1] See also Fed. R. Crim.

---

[1] Sections 3500(a) and (b) provide as follows:

(a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

(b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of

P. 26.2. The Government should note, however, that the Court will use its discretion in controlling the order of proceedings at trial to minimize delay and inconvenience to the jury.

In the Motion To Compel Notice Of Intent To Offer Evidence Of Other Crimes, Wrongs, Or Acts (Docket No. 111), Defendant Lee requests that the Court order the Government to provide notice of evidence of other crimes, wrongs or acts regarding Defendant Lee that the Government intends to introduce at trial. In its Response (Docket No. 129), the Government states that it does not intend to offer such evidence at trial. Accordingly, the Motion is DENIED, as moot. The Defendant may raise any objection based on a lack of notice regarding a specific item of evidence at the appropriate time.

Through her Motion To Dismiss For Improper Venue Or, Alternatively, To Transfer Venue (Docket No. 118), Defendant Stansky contends that the Indictment should be dismissed for improper venue, or alternatively, that this case be transferred to the Northern District of California. According to Defendant Stansky, there is no evidence that she conducted any acts in Tennessee, or participated in furtherance of any conspiracy in Tennessee. In its Response (Docket No. 131), the Government argues that venue is proper in this district. For the reasons set forth below, the Defendant's Motion is DENIED.

Rule 18 of the Federal Rules of Criminal Procedure governs venue for criminal prosecutions, and requires the government to prosecute an offense in a district where the offense was committed. Venue for continuous crimes is in any district where the offense was begun, continued, or completed. 18 U.S.C. § 3237(a). See, e.g., United States v. Cabrales, 524 U.S. 1,

---

the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

118 S.Ct. 1772, 141 L.Ed.2d 1 (1998); United States v. Castaneda, 315 F. Appx 564, 569, 2009 WL 530132 (6th Cir. 2009). For purposes of determining venue, the "'*locus delicti* must be determined from the nature of the crime alleged and the location of the act or acts constituting it.'" Cabrales, 118 S.Ct. at 1776 (quoting United States v. Anderson, 328 U.S. 699, 703. 66 S.Ct. 1213, 90 L.Ed.2d 1529 (1946)).

The money laundering statute, under which Defendant Stansky has been charged, has a subsection specifically related to venue:

> (i) Venue.--(1) Except as provided in paragraph (2), a prosecution for an offense under this section or section 1957 may be brought in--
>
> > (A) any district in which the financial or monetary transaction is conducted; or
> >
> > (B) any district where a prosecution for the underlying specified unlawful activity could be brought, if the defendant participated in the transfer of the proceeds of the specified unlawful activity from that district to the district where the financial or monetary transaction is conducted.
>
> (2) A prosecution for an attempt or conspiracy offense under this section or section 1957 may be brought in the district where venue would lie for the completed offense under paragraph (1), or in any other district where an act in furtherance of the attempt or conspiracy took place.
>
> (3) For purposes of this section, a transfer of funds from 1 place to another, by wire or any other means, shall constitute a single, continuing transaction. Any person who conducts (as that term is defined in subsection (c)(2)) any portion of the transaction may be charged in any district in which the transaction takes place.

18 U.S.C.§ 1956(i).

The Supreme Court has explained that the venue provision of the money laundering statute authorizes two alternative venues for the prosecution of a money laundering conspiracy: (1) the district in which venue would lie if the completed money laundering offense had been

7

accomplished; or (2) any district in which an overt act in furtherance of the conspiracy was committed. Whitfield v. United States, 543 U.S. 209, 218, 125 S.Ct. 687, 160 L.Ed.2d 611 (2005). The second option applies, according to the Court, even though an overt act is not a required element of the money laundering conspiracy offense. Id.

The Supreme Court has also held that venue is proper in a district where a co-conspirator of the defendant has carried out overt acts even if there is no evidence that the defendant entered that district or that the conspiracy was formed there. United States v. Rodriguez-Moreno, 526 U.S. 275, 281-82, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999)(citing Hyde v. United States, 225 U.S. 347, 356-67, 32 S.Ct. 793, 56 L.Ed. 1114 (1912)). In United States v. Green, 599 F.3d 360, 371-74 (4th Cir. 2010), the Fourth Circuit specifically applied the second option above in holding that venue in the forum district was proper because the defendant's money laundering co-conspirators committed overt acts there, even though the government conceded that the defendant could not have been prosecuted in the forum district for substantive money laundering offenses. See also, United States v. Micciche, 165 Fed. Appx. 379, 386 (6th Cir. 2006)(In money laundering conspiracy case, Sixth Circuit explained that venue was proper in forum district because overt acts in furtherance of the conspiracy were performed there).[2] Based on this

---

[2] The Defendant relies heavily on Cabrales, supra, and the Fourth Circuit's decision in United States v. Stewart, 256 F.3d 231 (4th Cir. 2001) in arguing that there is no venue in this district because she has not committed acts here in furtherance of a money laundering conspiracy. These cases involved substantive money laundering charges rather than a conspiracy charge, however, and both courts made that point in reaching in their decisions. Cabrales, 524 U.S. at 8 (distinguishing Hyde, the Court explains "[b]y contrast, the counts at issue in this case allege no conspiracy"); Stewart, 256 F.3d at 241 n.3 (court notes that because the defendant was acquitted of the money laundering conspiracy charge, "we need not address whether venue was proper with respect to the conspiracy count"). Consequently, these cases do not advance the analysis here.

8

authority, the Government in this case must show that one of Defendant Stansky's co-conspirators carried out an overt act in this district.

Pretrial dismissal is appropriate only where the trial court is not required to reach conclusions that invade the province of the ultimate factfinder. Fed. R. Crim. P. 12(b); United States v. Craft, 105 F.3d 1123, 1126 (6th Cir. 1997). See also United States v. Jones, 542 F.2d 661, 664-65 (6th Cir. 1976); United States v. Short, 671 F.2d 178, 181-83 (6th Cir. 1981). Here, the Government has adequately alleged that Defendant Stansky's co-conspirators committed acts in Tennessee in furtherance of the money laundering conspiracy. Therefore, at this stage of the proceedings, Defendant Stansky's request for dismissal or transfer must be denied. Should the Government's proof at trial fail to support venue in this district, however, the Defendant may move for a judgment of acquittal at the close of the Government's case. See, e.g., United States v. Nicolo, 523 F.Supp.2d 303, 320-21 (W.D.N.Y. 2007).

It is so ORDERED.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　TODD J. CAMPBELL
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE